IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-068-GMS |
| | ) |
| ANTHONY BURRIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn

Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on January 22, 2012. (D.I. 3.)

He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The court proceeds

to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Drumgo filed his complaint alleging violations of his constitutional rights pursuant to 42

U.S.C. § 1983 and violations of the Religious Land Use and Institutionalized Persons Act

("RLUIPA"), 42 U.S.C. § 2000cc. Having reviewed the complaint, the court construes it as

attempting to raise possible claims for violations of Drumgo's constitutional rights under the

First, Eighth, Fourteenth Amendments of the United States Constitution and RLUIPA.[1]

**II. STANDARD OF REVIEW**

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and

prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drumgo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B).

"In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (not published).

2

## III. DISCUSSION

Drumgo raises ten counts (some with sub-parts) against nineteen defendants. The complaint contains unrelated claims against numerous defendants in violation of Fed. R. Civ. P. 20(a). The complaint is clearly unmanageable and the nineteen defendants would have great difficulty responding to it. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

The complaint contains a host of completely unrelated claims such as conditions of confinement, religion, access to the courts, and retaliation. The claims do not arise out of the same transaction or occurrence or series of transactions or occurrences. Nor do the claims involve issues of law or fact common to all nineteen defendants. For example, each count refers to a discrete time such as July 16, 2010 (i.e., Count III) or August 24, 2011 (i.e., Count VIII(b)). Moreover, one count may refer to excessive force (i.e., Count IV), while another may raise religious concerns (i.e., Count VII).

"The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem,* 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of

3

morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (not published) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . .").

Based upon the foregoing discussion, the complaint will be dismissed without prejudice as noncompliant with Fed. R. Civ. P. 20. Drumgo will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Drumgo believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185 (M.D. Pa. 1992). As previously discussed, the court has identified the following claims, almost all of them unrelated: conditions of confinement, religion, access to the courts, and retaliation.

Drumgo is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this court's order and will result in dismissal of the amended complaint. *See* Fed. R. Civ. P. 20. In addition, the amended complaint or new complaints filed in compliance with this order shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

4

## IV. CONCLUSION

For the above reasons, the court will dismiss without prejudice the complaint for failure to comply with Fed. R. Civ. P. 20.  Drumgo will be given leave to amend.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

May 9, 2012
Wilmington, Delaware