IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DESHAWN DRUMGO,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   ) Civ. Action No. 12-068-GMS
                                         )
C/O ROOP, et al.,                        )
                                         )
            Defendants.                  )

**MEMORANDUM ORDER**

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn

Correctional Center, Smyrna, Delaware, appears *pro se* and was granted permission to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) Before the court is the defendants'

motion to dismiss and Drumgo's motions for leave to amend. (D.I. 21, 22, 25.)

## I.      BACKGROUND

Drumgo filed an amended complaint raising religion claims pursuant to 42 U.S.C. § 1983

and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*. The

defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In turn, Drumgo filed a motion

to amend to cure his pleading defects. (D.I. 22.) Later, he filed a second motion for leave to

amend, to add a defendant and new claim. (D.I. 25.)

## II.     MOTION TO DISMISS

To survive a motion to dismiss, a plaintiff's complaint must state a plausible claim.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

(2007)). The plausibility standard requires "more than a sheer possibility that a defendant has

acted unlawfully." *Iqbal*, 552 U.S. at 678. A simple recitation of the elements of a claim,

accompanied by conclusory statements of law, will not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The defendants' motion to dismiss is well-taken and their motion will be granted. (D.I. 21.) However, in response to the motion, Drumgo sought leave to amend and filed a second amended complaint wherein the court finds that Drumgo cured his pleading defects. Therefore, the court will grant Drumgo's motion to amend and will direct the Clerk of Court to file the proposed second amended complaint attached to the motion. (D.I. 22.)

## III. MOTION TO AMEND

Drumgo filed a second motion to amend on June 4, 2013. (D.I. 25.) Therein, he seeks to add a new defendant and a new claim.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its

pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

The original complaint was filed in January 2012. Drumgo now proposes to add a new defendant for an act unrelated to the original complaint that took place more than a year after the filing of the original complaint. Plaintiff may not add unrelated claims to the instant complaint. He has available the option of filing a new case. Therefore, the court will deny the motion. (D.I. 26.)

## IV.   CONCLUSION

IT IS THEREFORE ORDERED, as follows:

1. The defendants' motion to dismiss is **granted**. (D.I. 21.)

3

2. The plaintiff's motion to amend is **granted**.  (D.I. 22.)  The Clerk of Court is directed to file instanter the second amended complaint attached as an exhibit to the motion.

3. The plaintiff's motion to amend is **denied**.  (D.I. 25.)

March 24, 2014

CHIEF, UNITED STATES DISTRICT JUDGE

4