IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE SHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-068-GMS |
| | ) |
| C.O. ROOP, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 3rd day of June, 2014;

## I. INTRODUCTION

The plaintiff DeShawn Drumgo ("Drumgo"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on January 24, 2012, followed by amendments. On February 11, 2014, Drumgo filed a motion for injunctive relief complaining that his legal materials have been seized, his legal materials are being read and given to other individuals, and seeking a transfer. (D.I. 28.) The motion is opposed. (D.I. 32.)

## II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir.

1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

Drumgo asserts that Michael Little ("Little") the VCC's legal administrator, seized his legal mail, and read his legal documents outside of his presence. In addition, Drumgo asserts that Little sent copies of his legal documents to the State.

The defendants presented evidence that in February of 2014, Drumgo had seven boxes of legal documents. (D.I. 32, ex. A.) Inmates housed at the VCC are allowed to possess three boxes of legal documents and other personal effects. *Id.* The limit on the number of boxes is necessary to safeguard against fire hazards and contraband. *Id.* Little met with Drumgo on February 18, 2014, so that Drumgo could purge his documents. (*Id.*) Drumgo reduced his boxes from seven to three. In addition, Little denies Drumgo's assertion that he reads and reviews legal documents from Drumgo's attorney and sends copies to the State. (*Id.*)

Upon review of the allegations made by Drumgo, the court concludes that he has not demonstrated the likelihood of success on the merits inasmuch as Little's affidavit refutes Drumgo's allegations. Nor has Drumgo produced evidence of irreparable harm. Finally, the

court notes that Drumgo has repeatedly sought transfer to another DOC facility and his efforts to obtain an order compelling his transfer have been repeatedly denied. The court will no longer entertain such requests. Drumgo is placed on notice that future duplicative motions for injunctive relief will be docketed but not considered.

## IV. CONCLUSION

For the above reasons, the court **denies** Drumgo's motion for injunctive relief. (D.I. 28.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE