IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DESHAWN DRUMGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 12-068-GMS |
| | ) | |
| C/O ROOP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff DeShawn Drumgo ("Drumgo"), who proceeds *pro se* and was granted leave to proceed *in forma pauperis*, filed this lawsuit pursuant to the 42 U.S.C. § 1983.

## I. BACKGROUND

The complaint was filed on January 24, 201. (D.I. 3.) On March 31, 2016, the court ordered Drumgo to show cause why the case should not be dismissed, noting that Drumgo had taken no action since September 10, 2015 when he served discovery requests on the defendants. (D.I. 47.)

Drumgo responds that he is a *pro se* litigant in six of seven cases and is up against four different attorneys. (D.I. 49.) He states that he served discovery upon the defendants and a motion to compel, but the court has failed to enforce the motion to compel and order the defendants to turn over discovery. Drumgo states that the issue of discovery has brought his litigation to an unfair halt which benefits the defense in all of his cases, including this one which is "absolute[ly] outrageous." (*Id.*) In addition, Drumgo asserts that he has a viable cause of action.

## II. STANDARD OF LAW

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against Drumgo to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

## III. DISCUSSION

The court finds that the *Poulis* factors warrant dismissal of Drumgo's case. First, as a *pro se* litigant, Drumgo is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, the defendants are prejudiced by Drumgo's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d

2

Cir. 2003). As to the third factor, there does not appear to be a history of dilatoriness. The court notes, however, that Drumgo states that he filed a motion to compel in this case. The court scoured the court docket and did not find any motion to compel filed by Drumgo. However, he has sought discovery from defendants. (*See* D.I. 44, 47.) As to the fourth factor, the court takes judicial notice that Drumgo has other cases pending in this court and has had no difficulty prosecuting those cases. Drumgo's ability to fully prosecute other civil actions he initiated leads to the conclusion that Drumgo's failure to prosecute is willful or in bad faith. Only Drumgo can take steps to prosecute this case.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Precluding Drumgo from presenting evidence at trial would have the same effect as dismissal. For the same reason, granting summary judgment in favor of the defendants or forbidding Drumgo from pursuing further discovery would have the same effect as dismissal. Finally, a monetary sanction is ineffective inasmuch as Drumgo proceeds as a *pauper*. The court finds the sixth factor, the merits of the claim, is neutral. The other four *Poulis* factors, however, weigh in favor of dismissal.

## IV. CONCLUSION

The court finds that Drumgo has failed to show cause why this case should not be dismissed for failure to prosecute. For the above reasons, the court will dismiss the case pursuant to D. Del. LR 41.1

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

April 29, 2016
Wilmington, Delaware

3