IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-068-GMS |
| | ) |
| C/O ROOP, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff DeShawn Drumgo ("Drumgo") commenced this lawsuit in 2012. On May

3, 2016, the court dismissed the complaint after finding that Drumgo had failed to show cause

why the case should not be dismissed for failure to prosecute. (*See* D.I. 50, 51.) Drumgo moves

for reconsideration because: (1) he proceeds *pro se*; (2) his § 1983 form was accepted meaning it

met the requirements for stating a claim; (3) he provided genuine factual material that exists;

(4) his claims were unfairly dismissed before discovery was received despite requests which was

a crippling blow in the prosecution of his case; and (5) there was nothing else he could do

without discovery.

The standard for obtaining relief under Rule 59(e) is difficult for Drumgo to meet. The

purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present

newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds:

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need

to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591

F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,

1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Drumgo has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's May 9, 2016 memorandum and order dismissing the complaint for his failure to prosecute. Therefore, the court will deny the motion for reconsideration. (D.I. 52.)

UNITED STATES DISTRICT JUDGE

_____July 19_____, 2016
Wilmington, Delaware

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-068-GMS |
| | ) |
| C/O ROOP, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this _19th_ day of ___July___, 2016, for the reasons set forth in
the Memorandum issued this date,

IT IS HEREBY ORDERED that the plaintiff's motion for reconsideration (D.I. 52) is
**denied**.

UNITED STATES DISTRICT JUDGE